**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Komarnisky, ) | No. CV-12-01830-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| CIGNA Healthcare , ) | |
| Defendant. ) | |

The court has before it defendant's motion for summary judgment (doc. 12), defendant's separate statement of facts (doc. 13), defendant's motion for summary disposition (doc. 14), defendant's motion for permanent injunction under all writs act (doc. 15), plaintiff's response (doc. 16) and defendant's reply (doc. 17). Plaintiff did not timely respond to the motion for summary judgment. See LRCiv 56.1(d).

This case arises out of plaintiff's claim for medical benefits under his patient's employee benefit plan (the "Plan"), which is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiff originally filed a complaint in the San Marcos Justice Court of the State of Arizona alleging that his patient is entitled to receive full payment for 30 chiropractic visits per calendar year under the Plan. On August 29, 2012, defendant filed a notice of removal from the justice court to this court. Defendant now moves for summary judgment, contending that it properly administered the Plan by allowing the patient to receive 30 chiropractic treatments, but only paying for 15 after

applying the patient's deductible to the first 15 treatments.

Because plaintiff is not a plan participant, beneficiary or fiduciary, or Secretary of Labor, he does not have standing to file an action under ERISA.  See 29 U.S.C. § 1132(a). Even if he did have standing, we would grant defendant's motion for summary judgment on the merits of this action.  The deductible plainly applies.  Plaintiff's position is groundless.

Defendant seeks an order under the All Writs Act, 28 U.S.C. § 1651(a) to enjoin plaintiff from filing future lawsuits challenging its health plan deductible in state or federal court.  Under the All Writs Act, this court may enter a restrictive pre-filing order against vexatious litigants with abusive and lengthy histories of litigation.  De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990).  Such pre-filing orders, however,  are an extreme remedy that should be imposed only rarely.  Id. at 1148.  Defendant argues that plaintiff's actions are frivolous because he has filed numerous actions against insurers or claims administrators which have been dismissed.  While plaintiff's actions come close to being vexatious, we think an award of attorneys' fees should be sufficient to deter him from future filings.  A pre-filing order is premature.

**IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 12) and defendant's motion for summary disposition (doc. 14).

**IT IS FURTHER ORDERED DENYING** defendant's motion for permanent injunction under the All Writs Act (doc. 15).

The clerk is directed to enter final judgment in favor of the defendant and against plaintiff. Defendant may file a motion for an award of attorneys' fees under Rule 54(d), Fed. R. Civ. P.

DATED this 19th day of April, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 2 -